**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

| | |
|---|---|
| **ANDRE JUSTE,** | |
| Plaintiff, | |
| **v.** | **CIVIL ACTION NO.: 3:19-CV-97 (GROH)** |
| **MARTINSBURG POLICE DEPARTMENT, UNIT 23, UNIT 33 and UNIT 29,** | |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is Plaintiff Andre Juste's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. <u>See</u> 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

### II.    THE COMPLAINT

Plaintiff brings this complaint against the Martinsburg Police Department, Units 23, 33, 29,[2] and the City of Martinsburg[3] (collectively "Defendants"). ECF No. 1, at 4–5. While

---

[1] This motion was referred to the undersigned by order dated June 12, 2019. Order of Referral, ECF No. 4.

[2] Plaintiff seems to allege that Units 23, 33, and 29 are individual police officers. <u>See</u> ECF No. 1, at 4–5.

[3] The undersigned notes that the City of Martinsburg does not appear as a defendant on CM/ECF; however, the City of Martinsburg is clearly named as the fourth defendant in Plaintiff's case heading in his complaint. <u>See</u> ECF No. 1, at 2.

Plaintiff's complaint is lacking in clarity, Plaintiff appears to allege the following facts. Plaintiff has an eleven-year-old daughter with Stephanie Faith Brennan. ECF No. 1-1, at 1. In June 2009, Plaintiff reported to the Martinsburg Police Department Unit 23 that there was no custody agreement in place and Ms. Brennan was not letting Plaintiff see his daughter. ECF No. 5-1, at 2.[4] In March 2010, Plaintiff reported to the Martinsburg Police Department Unit 33 that Ms. Brennan was incarcerated and she had signed over custody of Plaintiff's daughter to Ms. Brennan's sister, Lindsey Phillips, a resident of Florida. ECF No. 5-1, at 3. Unit 33 spoke with Ms. Brennan confirmed that she signed over temporary custody of her daughter to Ms. Phillips. Id. In March 2012, Plaintiff reported to the Martinsburg Police Department Unit 29 that Ms. Brennan had moved out of state and he wanted to report his daughter as stolen. Id. at 1. Plaintiff also reported that he did not have custody of his daughter and that Ms. Brennan had full custody of his daughter. Id. In response to all three 911 calls,[5] a Martinsburg Police Unit was dispatched to Plaintiff and advised Plaintiff of his options regarding his child custody dispute. ECF No. 5-1, at 1–3.

Plaintiff's claims center on the allegation that Defendants did not take proper action in response to Plaintiff's reports to have his daughter returned to him. ECF No. 1, at 11, 13. Plaintiff alleges that Defendants have failed to act on the basis of racial discrimination

---

[4] This document is styled "Motion to Submit Evidence" and invokes L.R. Civ. P. 7.01, Fed. R. Evid. 703, 705, & 706, and Fed. R. Civ. P. 26, 57, & 58. ECF No. 5, at 1. Clearly, any evidentiary issue Plaintiff is attempting to present is premature at this time; however, the attached CAD Operations Reports from the Martinsburg Police Department are helpful for understanding the nature and timeline of Plaintiff's claims.

[5] Plaintiff also alleges in his complaint that he called 911 in August 2009 to report his daughter kidnapped, abducted, and wrongfully relocated. ECF No. 1, at 10. No further details regarding this 911 call are contained in Plaintiff's filings.

2

because Plaintiff is a black man. Id. at 11. Plaintiff alleges that Defendants have failed to protect and serve and have violated Plaintiff's civil rights. Id. Plaintiff alleges his Fourteenth Amendment right has been violated. Id. at 12. Plaintiff alleges Defendants' non-action is retaliation. Id.

More specifically, Plaintiff alleges four causes of action against Defendants. His first cause of action is a § 1983 claim for racial discrimination and violations of his Fourteenth Amendment right to equal protection. Id. at 14–16. His second cause of action is a § 1983 claim that Defendants violated 18 U.S.C. § 4. Id. at 17. His third cause of action is a § 1983 claim that Defendants retaliated against Plaintiff in violation of Plaintiff's First Amendment right. Id. at 18–19. Finally, Plaintiff's fourth cause of action is a claim for intentional infliction of emotional distress ("IIED"). Id. at 20.

Plaintiff alleges that he has suffered severe psychological damage from not having had contact with his daughter in over ten years. Id. at 20. Plaintiff seeks $60,000,000 in compensatory damages. Id. at 15, 16, 19, 20. Plaintiff also seems to be asking that Defendants be charged and punished for unlawfully conducted action.[6] Id. at 22.

### III.   LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with his request or motion for leave to

---

[6] The undersigned notes that federal courts do not bring criminal charges. So, any request for relief that asks the Court to bring criminal charges against Defendants is improper as a general matter.

proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal *in forma pauperis* statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." Neitzke, 490 U.S. at 325. A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See id. at 328. Cases should only be

4

dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The federal in forma pauperis statute allows a court to sua sponte dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must

5

offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

## IV.   DISCUSSION

### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Here, there is not complete diversity of the parties because Plaintiff is a citizen of West Virginia and Defendants are also citizens of West Virginia, so there is no diversity jurisdiction. See ECF No. 1, at 3–6; ECF No. 1-3.

Plaintiff's civil cover sheet indicates that Plaintiff is filing under 42 U.S.C. § 1983. Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded

6

complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp, 660 F. Supp. at 650. Plaintiff alleges that Defendants violated at least two of his constitutional rights while acting under the color of state law. ECF No. 1, at 11, 15–16. Accordingly, the undersigned concludes that this is sufficient to establish subject-matter jurisdiction to evaluate Plaintiff's first three claims on the merits.

Plaintiff's fourth claim for IIED is a state-law claim. Because there is no diversity jurisdiction and Plaintiff's claim for IIED clearly arises out of the same case or controversy as his § 1983 claims, see ECF No. 1, at 20, this Court has subject-matter jurisdiction over that claim only if it elects to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a).

### B. Plaintiff's § 1983 Claims Are Frivolous and Should Be Dismissed

An IFP complaint that fails to state a claim is not automatically frivolous as contemplated in 28 U.S.C. § 1915(e)(2)(B). See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (citing Neitzke, 490 U.S. at 320). "[A] complaint is frivolous only 'where it lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke, 490 U.S. at 325). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). For example, "claims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the Constitution." Id. "A claim of retaliation that fails to implicate any constitutional right 'lacks even an arguable basis in law,' and is properly subject to dismissal under § 1915(d)." Id. (quoting Neitzke, 490 U.S at 328) (citations omitted).

7

Plaintiff's allegations do not implicate constitutional or federal rights to maintain a § 1983 claim. With respect to Plaintiff's allegations of racial discrimination and retaliation in claims one and three, it is unclear how failure to do more than advise Plaintiff regarding his options in his child custody dispute implicates Plaintiff's First and Fourteenth Amendment rights. With respect to Plaintiff's second claim for relief, 18 U.S.C. § 4[7] does not confer any right on Plaintiff, let alone a right enforceable in a § 1983 suit.

Furthermore, the police enjoy a wide latitude in fulfilling their investigative duties and functions. See United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013). The CAD Operations Reports in this case indicate that police officers responded to Plaintiff's 911 calls, heard his complaint, and advised him of his child custody dispute options. ECF No. 5-1, at 1–3. The March 2012 Report also states that the child's mother has full custody of Plaintiff's daughter. Id. at 1. Child custody is a civil matter handled in and by the state courts.[8] Plaintiff does not have a constitutional or federal right to demand police officers interfere in his child custody dispute pursuant to Plaintiff's wishes.

In sum, Plaintiff's § 1983 claims are based on indisputably meritless legal theories because they do not implicate any constitutional or federal rights.[9] Accordingly, they

---

[7] 18 U.S.C. § 4, misprison of felony, reads:
> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

[8] A more appropriate remedy for Plaintiff's grievances with his lack of visitation with his daughter is to seek a new child custody order or seek to amend the current child custody order in state court.

[9] Furthermore, a § 1983 claim requires that the plaintiff demonstrate that (1) a person (2) acting under color of state law (3) deprived him of the rights guaranteed by the Constitution or federal laws. See Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). Because Plaintiff has failed to plead facts which implicate his constitutional or federal rights, he has failed to plead the third element required to state a § 1983 claim, and therefore, his § 1983 claims could also be dismissed for failure to state a claim.

should be dismissed without prejudice. See Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) ("We do not think, however, that Congress intended a dismissal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with prejudice.").

### C. Plaintiff's IIED Claim

#### 1. The Court Should Decline to Exercise Supplemental Jurisdiction

When a court dismisses all federal claims for failure to state a claim, the court generally retains discretion to exercise supplemental jurisdiction over pendent state-law claims. See Crosby v. City of Gastonia, 635 F.3d 634, 644 (4th Cir. 2011); see also Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995) ("The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain or dismiss state law claims when the federal basis for an action drops away."). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

Based on the above recommendation of dismissal of Plaintiff's § 1983 claims, the undersigned recommends that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state-law claim for IIED and dismiss it without prejudice. See Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 616 (4th Cir. 2001) (noting that when declining to exercise supplemental jurisdiction, the court can dismiss the claim or remand to it state court, if it had been previously removed to federal court).

**2. Alternatively, Plaintiff Fails to State a Claim for IIED**

Alternatively, if the Court elects to exercise its supplemental jurisdiction over Plaintiff's claim for IIED, the undersigned recommends dismissal for failure to state a claim. Under West Virginia law, a plaintiff must demonstrate four elements to establish a claim for IIED:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency;
>
> (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct;
>
> (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and,
>
> (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. Pt. 7, Hatfield v. Health Mgmt. Assocs. Of W. Va., 672 S.E.2d 259, 262 (W. Va. 2008).

At minimum, Plaintiff has failed to plead any facts to support elements (1) and (2). As has been previously noted, Plaintiff received police response to each of his 911 phone calls wherein Plaintiff was advised of his options regarding his child custody dispute. Nothing Plaintiff has alleged comes close to being atrocious, intolerable, and extreme and outrageous behavior. Further, Plaintiff has alleged no facts indicating the Defendants intended to inflict or acted recklessly so as to inflict emotional distress on Plaintiff. Accordingly, Plaintiff's IIED claim should be dismissed without prejudice.

10

## V.   RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis should be **DENIED AS MOOT**.

Plaintiff, Andre Juste, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 24th day of June, 2019.

11

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE