**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**ANDRE JUSTE,**

    Plaintiff,

v.                                                                            **CIVIL ACTION NO.: 3:19-CV-97**
                                                                               **(GROH)**

**MARTINSBURG POLICE DEPARTMENT,**
**UNIT 23, UNIT 33 and UNIT 29,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 10. Pursuant to this Court's Local Rules and 28 U.S.C. § 1915(e)(2)(B), this action was referred to Magistrate Judge Trumble for a preliminary review to determine whether the Plaintiff's Complaint set forth any viable claims. ECF No. 4. On June 24, 2019, Magistrate Judge Trumble issued his R&R, recommending that the Court dismiss the Plaintiff's Complaint without prejudice and deny as moot his Sealed Motion for Leave to Proceed In Forma Pauperis. ECF No. 10.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United

States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The R&R was mailed to the Plaintiff by certified mail, return receipt requested, on June 24, 2019.  ECF No. 10.  On July 2, 2019, the Plaintiff filed a Motion for Issuance of Permanent Injunction.  ECF No. 11.  On July 16, 2019, the Plaintiff filed a Sealed Motion for Leave to Proceed in Forma Pauperis.  ECF No. 12.  The R&R was returned as unclaimed on August 5, 2019.  ECF No. 14.  On August 16, 2019, the Plaintiff filed a Notice of Change of Address with the Clerk.  ECF No. 15.  On September 3, 2019, the Court re-mailed the R&R to the Plaintiff at his new address.  ECF No. 10.  On October 9, 2019, the Clerk received a return receipt.  The USPS website indicates that the document was received in Washington D.C. on September 9, 2019, but is still In-Transit status.

The Plaintiff has a continuing duty to update his phone number, complete name and address where all papers may be served upon him.  See LR Gen P 83.03.  However, since the filing of the R&R, the Plaintiff has not filed objections or inquired into the status of his case.  Furthermore, the Court has made two attempts to mail the R&R to the Plaintiff, which were unsuccessful.  Thus, this Court will review the R&R for clear

error.

In his R&R, Magistrate Judge Trumble recommends dismissing the Plaintiff's first, second and third claims for relief because the "Plaintiff's § 1983 claims are based on indisputably meritless legal theories because they do not implicate any constitutional or federal rights." ECF No. 10 at 8. Magistrate Judge Trumble further recommends the Court decline to exercise supplemental jurisdiction over the Plaintiff's state law claim for intentional infliction of emotional distress and dismiss it without prejudice. Id. at 9. Alternatively, if the Court exercises its supplemental jurisdiction over the state law claim, Magistrate Judge Trumble recommends dismissing the claim for failure to state a claim. Id. at 10.

Upon careful review of Magistrate Judge Trumble's R&R, the Court finds that the Plaintiff's first, second and third claims should be dismissed without prejudice because they do not implicate any constitutional or federal rights. Having found that all of the Plaintiff's federal claims must be dismissed, the Court must now determine whether his state law claim survives. The Court cannot exercise diversity jurisdiction over the Plaintiff's state law claim because both the Plaintiff and the Defendants are citizens of West Virginia, and thus, there is no diversity of citizenship. Nevertheless, the Plaintiff's state law claim arises out of the same transaction and occurrence as his federal claims. Therefore, the Court may exercise its supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a). However, the Court may "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In this case, the Court has found that all

federal claims must be dismissed. Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claim.

It is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 10] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff's Motions for Leave to Proceed In Forma Pauperis [ECF Nos. 2, 12] and Motion for Issuance of Permanent Injunction [ECF No. 11] are hereby **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **STRIKE** this case from the Court's active docket. The Clerk is further **DIRECTED** to mail a copy of this Order to the pro se Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** October 31, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE